UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
UNITED STATES OF AMERICA,                          :
                                                   :
    -against-                                      :
                                                   :         MEMORANDUM OPINION
KEVIN SAUNDERS,                                    :
                                                   :         18-CR-656 (ENV)
                               Defendant.          :
----------------------------------------------------------------- x

VITALIANO, D.J.

On March 22, 2019, Kevin Saunders pleaded guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. 11. On January 10, 2020, he was sentenced to a term of 21 months' imprisonment and three years' supervised release. Although this sentence was in line with his plea agreement, the parties disagreed as to the offense level to be used to calculate his formal sentencing guidelines range. In particular, Saunders contended that his prior felony conviction for fourth-degree arson in violation of New York Penal Law § 150.05 should not be considered a "crime of violence" under U.S.S.G. § 4B1.2(a). Both the government and the Probation Office disagreed.[1] Because the Court must properly calculate the sentencing guidelines range before imposing sentence, *United States v. Chu*, 714 F.3d 742, 746 (2d Cir. 2013), having considered the parties' arguments on this very close question, the Court concluded that fourth-degree arson under New York Penal Law is not a crime of violence for this guidelines purpose, as Saunders had argued, and adopted the PSR's calculation of the guidelines range with the corresponding amendments. This opinion provides

---

[1] The parties also disputed whether Saunders's prior conviction, for which he was adjudicated a youthful offender under New York's youthful offender law, should be considered a "felony conviction" under U.S.S.G. § 2K2.1(a)(4)(A), but Saunders's counsel withdrew this objection to the PSR at the sentencing hearing.

1

further explanation of the Court's decision.

Discussion

Under New York's Penal Law, a person who "recklessly damages a building or motor vehicle by intentionally starting a fire or causing an explosion" commits the crime of arson in the fourth degree. N.Y. Penal Law § 150.05. In a separate statutory provision, New York defines a reckless state of mind as one in which a person "is aware of and consciously disregards a substantial and unjustifiable risk . . . ." N.Y. Penal Law § 15.05(3). The parties disagreed as to whether, with its *mens rea* floor of "recklessness," New York's defined criminal offense of fourth-degree arson qualifies as a crime of violence for this guidelines purpose.

The definition of a "crime of violence," as it is used in the federal sentencing guidelines, expressly lists several categories of crimes, including arson. U.S.S.G. § 4B1.2(a)(2). But, this cataloguing does not resolve the query. Rather, it brings up for examination the "basic elements" of fourth-degree arson, as New York defines it; left for determination is whether those elements "correspond[] to a modern generic definition of arson." *United States v. Hathaway*, 949 F.2d 609, 610 (2d. Cir 1991). In *Hathaway*, the Second Circuit recognized "wil[l]ful and malicious" to be the *mens rea* of generic arson. *Id.* It did not, however, define "willful and malicious." In this vacuum, the Court concluded that "recklessness," as used by New York to describe the state of mind necessary to commit the crime of arson in the fourth degree, means that an offender need not act with a willful or malicious state of mind, as is applicable in the generic definition of arson, to commit this offense.

Instructively, in *Begay v. United States*, the Supreme Court observed that "burglary, arson, extortion, and crimes involving the use of explosives . . . all typically involve *purposeful* . . . conduct." 553 U.S. 137, 144–45, 128 S. Ct. 1581, 170 L. Ed. 2d 490 (2008) (emphasis added). The Second Circuit has emphasized the importance of this purposeful requirement when

2

interpreting what constitutes a crime of violence under U.S.S.G. § 4B1.2(a)(2). Specifically, in *United States v. Gray*, the Second Circuit cited *Begay* in rejecting reckless endangerment as a crime of violence:

> *Begay* places a strong emphasis on intentional-purposeful-conduct as a prerequisite for a crime to be considered similar in kind to the listed crimes. . . . Reckless endangerment on its face does not criminalize purposeful or deliberate conduct. Despite coming close to crossing the threshold into purposeful conduct, the criminal acts defined by the reckless endangerment statute are not intentional, a distinction stressed by the Supreme Court in *Begay*. Thus, pursuant to *Begay*, we conclude that the district court procedurally erred in calculating the appropriate Guidelines range because reckless endangerment is not a "crime of violence."

*United States v. Gray*, 535 F.3d 128, 131–32 (2d Cir. 2008) (internal citations omitted).

Though, certainly, this issue remains an open question here since the Second Circuit has not applied *Begay* to the question at hand, the Seventh Circuit and a district court in the Third Circuit have addressed that issue. Both courts determined that under *Begay* generic arson cannot stem from mere reckless conduct. *Brown v. Caraway*, 719 F.3d 583, 591 (7th Cir. 2013) ("[G]eneric arson contemplates purposeful, rather than reckless, conduct."); *United States v. Mitchell*, 218 F. Supp. 3d 360, 371 (M.D. Pa. 2016) ("[T]he court concludes that a key element of generic arson is the intent to cause damage.").

The government, of course, latched on to the decision of a district court in this Circuit holding a contrary view. *See* Gov't Opp'n, Dkt. 22, at 4 (citing *McNaught v. United States*, 646 F. Supp. 2d 372, 379 (S.D.N.Y. 2009)). Respectfully, however, the approach followed in *McNaught* is less compelling than the approach followed in *Brown* and *Mitchell*. The *McNaught*

3

court based its determination on two considerations: (1) several states define arson to include offenses based on reckless conduct and (2) its view that the *mens rea* of recklessness "substantially corresponds" to the *mens rea* of willful and malicious. 646 F. Supp. 2d at 379–380.

The first point is unpersuasive because the majority of states do *not* define arson to include a recklessness component. *See Mitchell*, 218 F. Supp. 3d at 370–71 (conducting 50-state survey). The second point, while finding some support in the definition of "malicious intent" in Sand's Modern Federal Jury Instruction, is also built on shaky ground because it has been rejected by other courts in the arson context. *See Brown*, 719 F.3d at 590 ("The Supreme Court has described the *mens rea* of willfulness or maliciousness as requiring a purpose to inflict injury." (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 494, 128 S. Ct. 2605, 171 L. Ed. 2d 570 (2008))). But perhaps more significant than what is in *McNaught* is what is missing: any discussion of *Begay* or *Gray*.

Echoing *McNaught*'s reliance on the definition of willful and malicious, the government also argues that "willful and malicious" has been defined to include "willful disregard of known or suspected consequences," suggesting this is essentially the definition of recklessness. Gov't Opp'n at 4 (citing *United States v. Misleveck*, 735 F.3d 983, 987 (7th Cir. 2013)). But this argument misses the mark too. In fact, a decision on which the government relies for this definition rejected this very argument and reaffirmed a prior holding that generic arson requires intent to cause damage. *See Misleveck* 735 F.3d at 987 (holding that willful disregard of known or suspected consequences does not contemplate recklessness because "[c]onscious disregard of a risk is less culpable than a practical certainty that harm will ensue"). The Court agrees that "willful disregard of known or suspected consequences" is not quite the same as "conscious

disregard of a substantial and unjustifiable risk," which implies less certainty.

The balance of authority weighing in Saunders's favor, the Court found that fourth-degree arson under New York law is not a "crime of violence," as it must be, to trigger application of U.S.S.G. § 4B1.2(a). For that reason, the Court rejected its application in the calculation of Saunders's guidelines range, and sustained his objection to the guidelines range recommended in the PSR.

Dated: Brooklyn, New York
January 28, 2020

s/ENV
_____
ERIC N. VITALIANO
United States District Judge

5